UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO.:_____

ZOILA PONS,

    Plaintiff,

v.

MSC CRUISES S.A.,
f/k/a MSC CRUISES (USA) INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, ZOILA PONS, is a citizen of Florida.

2. Defendant, MSC CRUISES, S.A., ("MSC"), is a foreign corporation having its principal place of business in Miami, Florida.

3. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, aside from the diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in the state and/or county or had an office or agency in this state and/or county;

      b. Was engaged in substantial activity within the state;

      c. Operated vessels in the waters of this state;

      d. Committed one or more of the acts stated in Florida Statutes §§48.081, 48.181 and/or 48.193;

      e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and

      f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the MSC DIVINA.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the MSC DIVINA. Defendant, as a common carrier, has at all times material been engaged in the business of providing vacation cruises aboard the MSC DIVINA to the general public, as well as to this Plaintiff.

8. On or about May 29, 2017, the Plaintiff was a paying passenger on Defendant's vessel, MSC DIVINA, which was in navigable waters.

9. On or about May 29, 2017, the Plaintiff was severely injured when she fell while going down a step located within the subject vessel.

## COUNT I – NEGLIGENCE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through nine (9) above as through alleged originally herein, and further states as follows:

10. It was the non-delegable duty of Defendant to provide the Plaintiff with reasonable care under the circumstances, and as required of an ocean common carrier for the safety of the fare-paying passenger.

11. On or about May 29, 2017, Defendant and/or its agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

12. On or about May 29, 2017, the Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees, as follows:

    a. Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic on the steps and deck; and/or

    b. Failure to provide any handholds within the width of the opening containing the step on which the Plaintiff suffered her injury; and/or

    c. Failure to adequately demark the step and/or changes in level so that they were readily apparent to the Plaintiff and other passengers and not hidden and/or camouflaged; and/or

    d. Failure to use contrasting flooring surfaces so as to make the change in level readily apparent to the Plaintiff and other passengers, and/or

    e. Failure to have adequate lighting at or around the step and/or changes in level; so as to make the change in level readily apparent to the Plaintiff and other passengers, and/or

    f. Failure to adequately warn the Plaintiff of the danger posed by the step; and/or

g. Failure to adequately warn the Plaintiff of other similar falls previously occurring on the same or substantially similar steps on board the same vessel and/or MSC's other vessels fleet-wide; and/or

h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are made aware of the danger posed by the step; and/or

i. Failure to analyze prior similar instances of falls occurring on the same and/or substantially similar steps aboard Defendant's vessels fleet-wide involving steps with the same and/or similar flooring surface and/or design as the step involved in Plaintiff's injury so as to remedy the hazardous conditions created by its presence; and/or

j. Failure to analyze prior similar incidents aboard Defendant's vessels fleet-wide involving unmarked, inadequately marked and/or hidden and/or camouflaged steps so as to remedy the hazardous conditions created by their existence; and/or

k. Failure to correct hazardous conditions following prior accidents on the same steps and/or deck; and/or substantially similar steps on board the same vessel and/or MSC's other vessels fleet-wide; and/or

l. Failure to provide Plaintiff and other similarly situated passengers with a reasonable safe alternative to having to use the step involved in this case in order to be able to go to where Plaintiff was going from where she was coming; and/or

      m.      Failure to adequately inspect and/or maintain the step in question in a reasonably safe condition, one that would negate or substantially limit the risks that the step possessed to Plaintiff at the time she used it; and/or

      n.      Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the step in a reasonably safe condition; and/or

      o.      Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA), to changes in level open passengers like the Plaintiff; and/or

      p.      Failure to properly retain, supervise, train and instruct Plaintiff's employees, crewmembers, and agents.

13. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured when she fell due to a hidden and/or not reasonably demarked step located in the subject vessel.

14. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Specifically, upon information and belief, prior to Plaintiff's incident, other passengers aboard the MSC DIVINA were similarly injured falling on the same steps and/or other passengers aboard Defendant's cruise ship were similarly injured falling on the same or similar type of stairs with unmarked and/or hidden and/or camouflaged steps. In addition, Defendant created the dangerous condition on subject steps.

15. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of

enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant, including pre-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and demands trial by jury of all issues so triable under the provisions of Fed.R.Civ.P. 39 and the stipulations contained in *Leslie v. NCL Corp.*, 22 So. 2d 561 (Fla. 3d DCA 2008), and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable by law, including pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333.

Dated: November 17, 2017

        Respectfully submitted,

        **LAW OFFICES OF DOUGLAS J. JEFFREY, P.A.**
        *Counsel for Plaintiff, Zoila Pons*
        6625 Miami Lakes Drive East, Suite 379
        Miami Lakes, Florida 33014
        Telephone: (305) 828-4744
        Facsimile:  (305) 828-4718
        Email: dj@jeffreylawfirm.com

        By:    Douglas J. Jeffrey, Esq.
                  DOUGLAS J. JEFFREY
                  Florida Bar No. 149527